UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00716-FDW-DSC

| | |
|---|---|
| SC ADVISORS 7, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JAMES RUDNICK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court pursuant to Defendant James Rudnick's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 8), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Plaintiff responded in a timely manner (Doc. No. 10) and Defendant then replied to Plaintiff's response (Doc. No. 11). As explained below, Defendant's Motion is DENIED WITHOUT PREJUDICE. However, Defendant may re-raise the issue of personal jurisdiction at summary judgment in the event the Court's personal jurisdiction over Defendant is still in dispute following discovery.

**I.     APPLICABLE LAW**

Plaintiff SC Advisors 7, LLC, ultimately bears the burden of proving personal jurisdiction by a preponderance of evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Where a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Id. When determining if Plaintiff has established a prima facie showing, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume

credibility, and draw most favorable inferences for the existence of jurisdiction." Id. If the prima facie showing is dependent upon disputed facts, the court may proceed "as if it has personal jurisdiction over this matter, although factual determinations to the contrary may be made at trial." Pinpoint IT, 812 F. Supp. 2d at 717 (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.31 (3d ed. 2011); Combs, 886 F.2d at 676. Regardless, a plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005).

The determination of personal jurisdiction is based upon a two-part inquiry. First, the court must determine if the assertion of personal jurisdiction is proper, given North Carolina's long-arm statute. Second, the court must determine if the assertion of personal jurisdiction is constitutional given due process requirements. Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). North Carolina's long-arm statute has historically been construed to be coextensive with the Due Process Clause, collapsing the statutory and constitutional requirements into a single inquiry over personal jurisdiction. See Nolan, 259 F.3d at 215. This single inquiry hinges on the defendant having "minimum contacts" with the forum state, such that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." See id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction that can be established: general jurisdiction or specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). The appropriateness of exercising personal jurisdiction is a fact specific inquiry, to be determined based on the circumstances of each case. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478–79, 485–86 (1985).

Typically, the courts may not impose personal jurisdiction on individuals through the acts they take as an agent of a business; the distinction between businesses and individuals should be maintained.  See Skycable, LLC v. DirectTV, Inc., 886 F.3d 375,385 (4th Cir. 2018). However, when upholding this distinction would produce "injustices or inequitable consequences" courts can disregard this legal distinction and "pierce the veil" separating the entity and its members, treating them as identical.  Id.

## II.     ANALYSIS

### A.  Specific Personal Jurisdiction

Specific jurisdiction can be established so long as the defendant's relevant conduct has "such a connection with the forum state that it is fair for the defendant to defend itself in that state." Id.  Specific jurisdiction can also be established when the cause of action "arises out of the defendant's contacts with the forum." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005).

Turning to the case at bar, Plaintiff brings ten claims against Defendant: (1) Breach of Contract (Gateway Personal Guaranty); (2) Breach of Contract (Panama City Courthouse Personal Guaranty); (3) Breach of Contract (Mary A Personal Guaranty); (4) Breach of Contract (Southeast Lot Personal Guaranty); (5) Breach of Contract (Echelon Personal Guaranty); (6) Breach of Contract (Moteng Personal Guaranty); (7) Breach of Fiduciary Duty; (8) Constructive Fraud; (9) Fraud; and (10) Unfair and Deceptive Trade Practices.  (Doc. No. 1).

Plaintiff asserts the Court's exercise of specific personal jurisdiction over Defendant to adjudicate these claims has been established through Defendant's targeted, continuous electronic and telephone contacts with North Carolina.  (Doc. No. 10).  Additionally, Plaintiff asserts

Defendant had travelled to North Carolina to engage and solicit business from North Carolina residents. (Doc. No. 10).

Defendant argues specific jurisdiction is lacking because the alleged wrongdoing of which Plaintiff complains occurred in forums other than North Carolina and, further, all the contracts between Plaintiff and Defendant were executed and subjected to Florida law, and all face-to-face meetings similarly occurred in Florida. (Doc. No. 9).

The Fourth Circuit has created a three-part test to determine if specific personal jurisdiction is appropriate. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). The issue now before the Court is a close call. However, Plaintiff's factual allegations are marginally sufficient to satisfy its jurisdictional burden at this early stage.

The first factor in this test is the extent to which the defendant purposefully availed themselves of the privileges of conducting activities in the state. Id. If a defendant reasonably anticipates being brought to court in the forum, this element will be satisfied. CEM Corp. v. Personal Chemistry AB, 192 F. Supp. 2d 438, 442 (W.D.N.C. 2002). Various non-exclusive factors shed light on whether a defendant purposefully availed themselves to the forum state and can reasonably anticipate being brought into court including:

> (1) Whether the defendant maintains offices or agents in the forum state,
> (2) Whether the defendant owns property in the forum state,
> (3) Whether the defendant reached into the forum state to solicit or initiate business,
> (4) Whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> (5) Whether the parties contractually agreed that the law of the forum state would govern disputes,
> (6) Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> (7) The nature, quality and extent of the parties' communications about the business being transacted, and

> (8) Whether the performance of contractual duties was to occur within the forum.

Consulting Engineers Corp., 561 F.3d at 278. In a breach of contract case, personal jurisdiction cannot be established through the contract alone. CEM Corp., 192 F. Supp. 2d 438 at 442. Rather, prior negotiations, contemplated future consequences, and the parties' course of dealings must show a "substantial connection" between the contract and forum using the factors listed above. Id.

In the case at bar, many of the non-exclusive factors given reveal Defendant purposefully availed himself to jurisdiction of the forum state, satisfying the first part of the test. See Consulting Engineers Corp., 561 F.3d at 278. Plaintiff alleges Defendant reached into the forum state to solicit business, travelling to North Carolina for the initial investment meetings. (Doc. No. 10). Additionally, the limited record before the Court tends to show Defendant deliberately engaged in significant or long-term business activities in the forum state, as he sent over 100 interest payments to the state in the years 2009 – 2018. (Doc. No. 10). Furthermore, it appears Defendant made in-person contact with residents of the forum state, in the forum state, travelling to North Carolina prior to the contract formation, and in at least two more in-person business meetings in North Carolina. (Doc. No 1; Doc. No. 10). Finally, the nature, quality and extent of communications between Defendant and North Carolina residents helps demonstrate Defendant purposefully availed himself to the forum state. The record indicates Defendant made weekly calls with residents of North Carolina and had continuous email exchanges with North Carolina residents about the business and contracts that were executed. (Doc. No. 10). Taking all this together and looking at the allegations in the view most favorable to Plaintiff, the factors demonstrate Defendant purposefully availed himself to North Carolina, satisfying the first part of the test. See Consulting Engineers Corp., 561 F.3d at 278.

The second factor is the extent to which plaintiff's claims arise out of activities directed at the State. CEM Corp., 192 F. Supp. 2d at 442. The factor is also satisfied, as Plaintiff's claims arise out of the above activities that are directed at the forum state.

Finally, the third factor is the extent that exercise of personal jurisdiction is constitutionally reasonable. Id. In considering this factor, the courts should consider the burden on the defendant in adjudicating the issue in the forum state, the interest of the forum state in adjudicating the issue, the plaintiff's interest in obtaining effective relief, the shared interests of states in obtaining effective relief, and the states interest in furthering substantial social policies. Id.

The third factor is also satisfied as the exercise of personal jurisdiction is constitutionally reasonable. As Defendant has had continuous contact and engagement with the forum state, the burden on Defendant in adjudicating the issues here in North Carolina is low. Further, North Carolina has a strong interest in adjudicating the issue, as Plaintiffs are North Carolina residents and over 73% of the total money collected by Defendant came from North Carolina residents. (Doc. No. 10). Taking these factors into account, Plaintiff has demonstrated the exercise of specific personal jurisdiction on Defendant is constitutionally reasonable. See CEM Corp., 192 F. Supp. 2d at 442.

As all three parts of the test outlined by the Fourth Circuit are satisfied, the exercise of specific jurisdiction by this court is proper.

**B. General Personal Jurisdiction**

Establishing general jurisdiction requires the defendant have "continuous and systematic" contacts with the forum state, independent of where the relevant conduct occurs. CFA Inst. V. Inst. Of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009).

Here, Plaintiff has met their burden of demonstrating Defendant was engaged in continuous, systematic contacts with the forum state. Plaintiff alleges Defendant sent regular interest payments from 2009 –2018 to the forum state, totaling over 100 separate interest payments. (Doc. No. 10). Furthermore, Defendant engaged in systematic and continuous electronic and telephone communications with Plaintiff that Defendant knew would take place in the forum state. (Doc. No. 1). Finally, Plaintiff asserts Defendant made continuous efforts to keep in contact with Plaintiff in the forum state, so that he could continue his business relationship with North Carolina residents. (Doc. No. 10).

The Court must construe Plaintiff's allegations in the light most favorable to Plaintiff, assume their credibility, and draw the most favorable inferences for the existence of jurisdiction. Plaintiff need only "make a prima facie showing of a sufficient jurisdictional basis" at this stage of the litigation. As with the showing above as to specific personal jurisdiction, the Court finds Plaintiff has minimally satisfied its burden to also establish general personal jurisdiction. Given that Plaintiff has made the requisite prima facie demonstration of personal jurisdiction, the Court can proceed "as if it has personal jurisdiction over this matter, although factual determinations to the contrary may be made" at a later stage of this proceeding. Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 717 (E.D.VA. July 13, 2011) (denying the defendant's Motion to Dismiss when allegations that created personal jurisdiction on the defendant were disputed and could be clarified later in discovery).

### C. Piercing the Corporate Veil

Defendant argues that while personal jurisdiction over the company might exist, this Court has no personal jurisdiction over him as an individual for the actions taken in his capacity as an agent of the company. (Doc. No. 12). However, this Court is allowed to "pierce the corporate

veil" when the corporate entity is "in fact merely instrumentality or alter ego" of the individual and render the individual as synonymous with the business. Netjet Aviation, Inc. v. LHC Communications, Ltd., 537 F.3d 168, 176 (2d Cir. 2008). It is within the power of the court to look through the legal fictions to the equitable remedies and see by whom and to whom the wrong is done. Id. Courts are permitted to pierce the LLC veil in the same manner that they are permitted to pierce the corporate veil. Id.

Plaintiff alleges Defendant communicated and negotiated all statements, omissions and acts on behalf of the shell companies engaged in the business. (Doc. No. 1). Further, Plaintiff contends Defendant exercised complete dominion over the various shell companies, and the companies had no independent discretion of their own. (Doc. No. 1). As Plaintiff asserts the corporate entity was "in fact merely instrumentality or alter ego" of the Defendant, this Court is permitted to "pierce the corporate veil" and impose personal jurisdiction on the individual Defendant for actions taken in his capacity in the business, treating the company and Defendant as synonymous. Netjet Aviation., 537 F.2d at 176.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED WITHOUT PREJUDICE. Defendant shall retain the right to re-raise its jurisdictional challenges at summary judgment should discovery reveal that the Court does not, in fact, have personal jurisdiction.

**IT IS SO ORDERED.**

Signed: July 23, 2020

_Frank D. Whitney_
Frank D. Whitney
United States District Judge